T. M. JAMES & SONS CHINA CO. *v.* UNITED STATES

**No. 6349.**—Invoices dated September 29, 1941, etc.
Certified October 3, 1941, etc.
Entered at Kansas City, Mo., December 2, 1941, etc.
Entry No. 127–A, etc.

(Decided September 18, 1946)

*Tompkins & Tompkins (J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware and chinaware here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases. Insofar as the appeals relate to all other merchandise they are hereby dismissed.
Judgment will be rendered accordingly.

JOHN HEATHCOAT & CO., INC., ET AL. *v.* UNITED STATES

**No. 6350.**—Invoices dated Plymouth, England, October 10, 1941, etc.
Certified October 15, 1941, etc.
Entered at New York, N. Y., November 14, 1941, etc.
Entry No. 724507, etc.

(Decided September 18, 1946)

*John D. Rode* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

TILSON, Judge: The appeals listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon a stipulation to the effect that the issues herein are the same in all material respects as the issues involved in *United States* v. *Pitcairn,* C. A. D. 334, and the record in that case has been admitted in evidence herein.
Accepting this stipulation as a statement of fact, and following the cited authority, I find and hold the proper dutiable export values of the merchandise covered by said appeals to be the appraised values less any amounts added by the importers on entry to meet advances made by the appraiser in similar cases then pending on appeal.
Judgment will be rendered accordingly.